UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-27-TBR

JOHN PARKER,                                                                                    Plaintiff

v.

MCCRACKEN COUNTY REGIONAL
JAIL, TONYA RAY, DAVID KNIGHT,
DAVID WALLS, NATHAN YOUNG, ROB
ELDER, JOHN DOE, and NURSE DOE,                                                  Defendant

**MEMORANDUM OPINION & ORDER**

This matter is before the Court upon Defendant McCracken County Regional Jail's Motion to Dismiss. (R. 5). The Plaintiff's time to respond has lapsed. Accordingly, this matter is ripe for adjudication. For the reasons that follow, the Defendants' Motion to Dismiss, (R. 5), is HEREBY GRANTED.

BACKGROUND

This case arises from allegations that Plaintiff, John Parker, was unlawfully shot with a stun gun, and denied proper medical treatment for a severe laceration on his hand while incarcerated at McCracken County Regional Jail. (R. 1). Parker sues the various above-named Defendants in their individual and official capacities under several causes of action, including 42. U.S.C. § 1983 for violation of his constitutional rights. (*Id.*). Defendant, McCracken County Regional Jail, now moves for the Court to dismiss all Parker's claims against it. (R. 5).

1

STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss under Rule 12(b)(6), a party must "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc.*, 552 F.3d at 434 (citing *Great Lakes Steel*, 716 F.2d at 1105). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Iqbal*, 556 U.S at 679. The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x. 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677-79).

DISCUSSION

McCracken County Regional Jail moves to dismiss all claims against it "because the jail is not an entity subject to suit." (R. 5). The Court agrees.

This matter is straight-forward. The McCracken County Regional Jail is not an entity subject to suit. *See Comer v. McCracken Cty. Det. Ctr.*, No. 5:18-CV-020-TBR, 2018 U.S. Dist. LEXIS 133195, at *8 (W.D. Ky. Aug. 7, 2018) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)); *Blay v. Daviess County Detention Center*, No. 4:07-CV-P69-M, 2007 U.S. Dist. LEXIS 71131, 2007 WL 2809765, at *1 (W.D. Ky. Sept. 25, 2007). Thus, McCracken County Regional Jail's Motion to Dismiss is granted.

CONCLUSION

For the forgoing reasons, Defendant McCracken County Regional Jail's Motion to Dismiss, (R. 5), is HEREBY GRANTED. All claims against McCracken County Regional Jail are dismissed with prejudice.

The Clerk of Court is DIRECTED to terminate McCracken County Regional Jail as a party to this action.

A TELEPHONIC STATUS/SCHEDULING CONFERENCE IS SET ON JULY 9, 2019 AT 10:00 A.M. The Court will place the call to counsel.

**IT IS SO ORDERED.**

Thomas B. Russell, Senior Judge
United States District Court

June 17, 2019

cc: Counsel